**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erick Caffarello,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Paul Hilmo, et al.,<br><br>　　　　　Defendants. | No. CV-25-02945-PHX-MTL<br><br>**ORDER** |

This Order addresses Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 15) and Motion to Set Aside Entry of Default (Doc. 18).

**I.**

Plaintiff, *pro se*, filed three complaints in quick succession. The complaint that initiated this case is typed and asserts federal question jurisdiction along with various federal claims arising from the suspension of Plaintiff's commercial driver's license. (Doc. 1 at 1-2.) The Second Amended Complaint, which the Court views as the operative complaint, is handwritten on the District Court's pre-prepared form for *pro se* litigants. (Doc. 11.) In it, Plaintiff checks the box for "Diversity of Citizenship" as the jurisdictional basis. (*Id*. at 3.) He identifies himself and Defendants Dr. Paul Hilmo and My Dr Now as Arizona residents. (*Id*. at 2-4.)

Defendants argue in their Motion to Dismiss that the Second Amended Complaint (Doc. 11) should be dismissed without leave to amend because its asserted jurisdictional basis, diversity of citizenship, fails as all of the parties are Arizona residents. (Doc. 15 at 1.)

1    Viewing the Second Amended Complaint in isolation, Defendants are correct. Diversity jurisdiction is found in 28 U.S.C. § 1332, which extends federal subject matter jurisdiction over cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. 28 U.S.C. § 1332(a)(1). This means that no defendant can be a resident of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, all parties are Arizona residents. This means that the Court lacks subject matter jurisdiction, and the Second Amended Complaint must be dismissed.

The party invoking the federal court's subject matter jurisdiction has the burden of establishing the propriety of exercising that jurisdiction. *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019). It is well-established law that *pro se* litigants, while expected to follow the rules of procedure and law to the same extent as represented parties, are permitted a liberal construction of their pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The District Court should grant leave to amend when justice so requires. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment").

Plaintiff's first complaint pleaded claims under the Administrative Procedure Act, 5 U.S.C. §§ 702-706, and denial of procedural due process under the Civil Rights Act, 42 U.S.C. § 1983. It also asserted federal question jurisdiction under 28 U.S.C. § 1331, granting federal courts jurisdiction to hear cases arising under the Constitution and federal law. While a subsequently filed complaint supersedes prior complaints in all respects, that Plaintiff's first complaint asserted federal question jurisdiction along with specific federal claims shows that an amendment can cure the jurisdictional defect. Accordingly, Plaintiff will be provided leave to file a Third Amended Complaint that reasserts federal question jurisdiction.

For Plaintiff's benefit, the Court notes that, under the "Statement of Claim" section of the Second Amended Complaint, it simply asserts "See 2,(B)(b) – DEFENDANT

LIABLE – SUBMITTING FALSE, MISLEADING DATA – STARTING 6/18/2025, SUSPENDED CDL WITHOUT DUE PROCESS." (Doc. 11 at 4.) It is unclear what Plaintiff refers to or what exactly this statement means. It is noted that Plaintiff uses the phrase, "without due process," which seems to invoke the procedural due process claim in his initial complaint.

Plaintiff is advised that a pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This must be done for each cause of action. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Failure to plead facts showing a plausible claim for relief may result in Defendants filing another motion to dismiss.

## II.

Defendants' Motion to Set Aside Default argues that the Court should set aside the entry of default against Dr. Hilmo and My Dr Now as improperly entered.

> The Court may set aside the entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers three factors: (1) whether there was culpable conduct on the part of the Defendant; (2) whether any meritorious defenses are available; and (3) whether there is any prejudice to the plaintiff. Although the party seeking to vacate judgment bears the burden of showing that these factors favor setting aside the default, that burden is not extraordinarily heavy.

*Drake v. Salt River Pima-Maricopa Indian Cmty.*, 411 F. Supp. 3d 513, 517 (D. Ariz. 2019) (citing *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citation modified).

The Court finds all three *Brandt* factors weigh in Defendants' favor. First, there is no evidence in the record of culpable conduct. That is, there is no evidence that either defendant sought to evade service or intentionally failed to answer. Instead, Plaintiff's process server served a clinic employee, and it took some time to reach Defendants. This does not represent "inexcusable" behavior. *Id.* at 517.

Second, Defendants appear to assert meritorious defenses. Defendants' jurisdictional defense is meritorious, with the understanding that leave to amend is available. And they also assert a reporting defense under both federal and state law that may provide immunity from Plaintiff's claims against them. *See* 49 C.F.R. § 391.43(g)(3); A.R.S. § 28-3005(B).

Third, this case is in its initial stages and any delay will not prejudice Plaintiff. *See Drake*, 411 F. Supp. 3d at 517.

And, finally, as this Court observed in *Drake*, courts generally prefer to resolve cases on the merits. *Id*.

For all of these reasons, the Court will grant the Motion to Set Aside Default.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 15) is **GRANTED**. Plaintiff will be given until **Friday, January 9, 2026,** to file a Third Amended Complaint. If Plaintiff fails to file on or before that date, the Clerk of Court is instructed to dismiss this case without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the Motion to Set Aside Default (Doc. 18) is **GRANTED**. The Clerk of Court must set aside the Entry of Default at Docket No. 13.

Dated this 19th day of December, 2025.

Michael T. Liburdi
United States District Judge